IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL ALLEN DRAKE                                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04101

SERGEANT GRIFFIE, Miller County
Detention Center ("MCDC"); CORPORAL
FERRELL, MCDC; CORPORAL BURNS,
MCDC; CORPORAL SELF, MCDC; and
K.H. BURNS                                                                            DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Daniel Allen Drake, representing himself, filed this 42 U.S.C. § 1983 action on August 21, 2019. (ECF No. 1). On June 3, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 26). That same day the Court entered an order directing Plaintiff to file a response to Defendants' motion by June 24, 2020. (ECF No. 29). On June 25, 2020, the order sent to Plaintiff's address of record was returned as undeliverable marked "Return to Sender Refused Unable to Forward." (ECF No. 30).[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] On July 27, 2020, the Clerk of the Court contacted the Miller County Detention Center and was informed that Plaintiff was released to the Arkansas Department of Corrections on May 20, 2020.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of August, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge